**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| STATE OF NEW MEXICO, *ex rel.*, HECTOR BALDERAS, Attorney General for the State of New Mexico, <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC, a Delaware limited liability company, <br><br> *Defendant*. | Case No. 1:20-cv-00143-NF-KHR <br><br> Hon. Nancy Freudenthal |

**STATE OF NEW MEXICO'S RESPONSE TO
<u>DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE</u>**

Google filed a "Request" that this Court take judicial notice of four documents in support of its Motion to Dismiss the State of New Mexico's Complaint. That Request should be denied.

First, a separately-filed request for judicial notice is unnecessary, which is grounds enough alone to deny it. As one federal judge has explained,

> When evidence is "not subject to reasonable dispute," there is no need to multiply the paperwork by filing motions or "Requests." Just refer to the evidence in the brief and explain there why it is relevant and subject to judicial notice. If the assertion is questionable, the opposing litigant can protest … in its own brief.

*In re: Lisse*, 905 F.3d 495, 497 (7th Cir. 2018) (Easterbrook, J. in chambers) (denying separately-filed request for judicial notice as "unnecessary").

In any event—and as explained more fully in the State's Response to Google's Motion to Dismiss—judicial notice is not appropriate here. Google asks this Court to "take judicial notice of four documents" (Request at 1), but courts take judicial notice of "facts," not documents. Fed. R. Evid. 201. And, though not explicitly stated by Google, the actual facts it apparently wants judicially noticed are that Google provided various documents to New Mexico schools, and that New Mexico schools agreed to them. (*See* Request at 4) ("Google asks the Court only to take notice of the disclosures and resources Google provided and the assurances schools gave.") That Google provided disclosures to and received assurances from New Mexico schools, however, is far from "a fact that is not subject to reasonable dispute." Fed. R. Evid. 201(b). To the contrary, it is a dispute at the heart of this litigation. The State alleges that Google collected vast amounts of private information from New Mexico schoolchildren without parental notice and consent, and Google responds by asserting that it provided and obtained sufficient notice and consent through schools. When, as here, "the very basis" of the extrinsic evidence at issue is to establish facts related to "disputed allegations" in a case, judicial notice is improper. *State Of New Mexico*

1

*Ex Rel. Hector Balderas, Attorney General v. Tiny Lab Productions, et al.*, No. 18-854 MV/JFR (Dkt. No. 85 at 2). Instead, this factual issue can and should be resolved at summary judgment or trial, on a complete record.

At best, this Court should take judicial notice of the fact that the documents to which Google points currently exist on its website.[1] But even if this Court were to take notice of the documents' current existence on Google's website, it should not take judicial notice of their import or meaning, or extrapolate their existence to mean that Google ever provided them to, explained them to, or received them from New Mexico schools. *Id.*; *see also Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) ("These documents are judicially noticeable for the fact that they exist, not whether, for example, the documents are valid or binding contracts."); *In re Vizio, Inc. Consumer Privacy Litig.*, No. 16-ml-02693, 2017 WL 11420284, at *7 (C.D. Cal. July 25, 2017) (declining to take judicial notice of online terms of service when "no discovery has taken place about how these [terms] were presented to [consumers] [or] whether [the terms] differed over time"); *Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, No. 11 Civ. 8921, 2013 WL 6670584, at *9 (S.D.N.Y. Mar. 29, 2013) (refusing to take judicial notice of online terms of service where "[plaintiff] offers nothing to authenticate the online contract as the contract governing Defendants' relationship with

---

[1] And even that is not entirely clear. The fact that the documents are publicly available on Google's website is not a reason to take judicial notice. *See, e.g., Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1033 (N.D. Cal. 2018) ("When a non-governmental entity [seeks] judicial notice of its paper records, the request is properly rejected because such documents are subject to reasonable dispute…. That the same entity posts them on a 'publicly available' website does not change that essential fact and does not make them 'public records' for purposes of the judicial notice rules."); *Hsieh v. FCA US LLC*, No. 19-cv-01691, 2020 WL 835310, at *2-3 (S.D. Cal. Feb. 20, 2020) ("[J]udicial notice of documents on a company's website is not appropriate.") (citing *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007)).

YouTube"); *Liston v. King.com, Ltd.*, 254 F. Supp. 3d 989, 1004 n.4 (N.D. Ill. 2017) (same, where defendant "failed to demonstrate that the submitted version of the license agreement was in place and applied to [plaintiff] at the relevant time period—the only apparent relevance it could have at this juncture[.]").

In short, Google's Request for Judicial Notice is both unnecessary and inappropriate, and should therefore be denied.

Dated:  July 10, 2020                    Respectfully Submitted,


By:  */s/ Allen Carney*
       Allen Carney

Cholla Khoury
ckhoury@nmag.gov
Brian E. McMath
bmcmath@nmag.gov
Assistant Attorneys General
CONSUMER & ENVIRONMENTAL PROTECTION DIVISION
NEW MEXICO OFFICE OF THE ATTORNEY GENERAL
P.O. Drawer 1508
Santa Fe, NM 87504-1508
Telephone: 505.717.3531
Facsimile: 505.318.1050

Allen Carney
acarney@cbplaw.com
Hank Bates
hbates@cbplaw.com
David Slade
dslade@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR 72201
Telephone:  501.312.8500
Facsimile:  501.312.8505

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
EDELSON PC
350 North LaSalle, 14th Floor
Chicago, Illinois 60654
Phone: (312) 242-0859
Fax: (312) 589-6378

Iman Boundaoui
iboundaoui@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Phone: (415) 638-9903
Fax: (415) 212-9300

## CERTIFICATE OF SERVICE

I certify that on this day, July 10, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record via the CM/ECF System.

*/s/ Allen Carney*
ALLEN CARNEY