

FILED

4:17 pm, 9/25/20

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO, *ex rel.*
HECTOR BALDERAS, Attorney General
for the State of New Mexico,

        Plaintiff,

vs.

GOOGLE, LLC, a Delaware limited
liability company,

        Defendant,

Case No.  20-CV-0143-NDF

### ORDER ON GOOGLE'S MOTION TO DISMISS AND MOTION FOR JUDICIAL NOTICE

This matter comes before the Court on a motion to dismiss and a motion for judicial notice filed by Defendant Google, LLC (Google). CM/ECF Document (Doc.) 28, 29. Plaintiff State of New Mexico (State) timely filed responses to both motions (Doc. 30, 31), and Google filed its replies (Doc. 32, 33). Google requested oral argument, but the Court concludes oral argument would not materially benefit the disposition of the pending motions, and oral argument is not typically allowed in cases where the movant has filed replies. For the reasons that follow, Google's motion for judicial notice and its motion to dismiss the State's claim alleging violations of the Children's Online Privacy Protection Act are granted. The state law claims are dismissed

1

on the basis that the Court declines to exercise jurisdiction. As discussed below, the State is granted limited leave to amend its COPPA claims and reassert its State law claims.

## Relevant Factual and Procedural Background

This case arises from a web-based service provided by Google called G Suite for Education ("GSFE") which gives students access to Google's Gmail, Calendar, Drive, Docs, and other applications. Doc. 1, ¶ 1. According to the State, Google has used GSFE to spy on New Mexico students' online activities for its own commercial purposes, without notice to parents and without attempting to obtain parental consent. *Id*. at ¶ 5. The State alleges Google's conduct violates the Children's Online Privacy Protection Act, 15 U.S.C. § 6501 *et seq*. ("COPPA") along with the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 *et seq.* ("UPA") and New Mexico common law. *Id*. at ¶¶ 10-13. The State seeks injunctive relief along with civil penalties, fees and costs. *Id*. at ¶ 14.

Google moves to dismiss the State's complaint under Rule 12(b)(6). Doc. 28. To avoid converting the motion to one for summary judgment, Google seeks judicial notice of various documents attached in support of its motion. Doc. 29. Google argues that the State's COPPA claim should be dismissed because the Federal Trade Commission (FTC) allows online service providers like Google to use schools as agents and intermediaries for parental notice and consent, and asserts that is what Google did. Next, Google argues that the State's claim under the UPA should be dismissed because (1) it is preempted by COPPA, (2) Google's alleged misconduct was not made in connection with any purchases by students or schools, and (3) the Complaint fails to allege actionable

conduct.  Finally, Google argues that the State's common-law intrusion upon seclusion claim should be dismissed because it had permission to collect student data and, in any event, its data collection was not "highly offensive."

The State resists dismissal arguing in general that Google is advancing factual arguments which would require that the Court ignore the well-pleaded facts alleged in the complaint in favor of improper extrinsic evidence.  Further, as to the COPPA claim, the State argues the Court need not defer to the FTC guidance and even with deference, the narrow FTC exception does not apply.  As to its UPA claim, the State argues COPPA does not preempt state law claims that also violate COPPA.

## Applicable Legal Standards

"To survive a motion to dismiss, a complaint must allege sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving a motion under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (citation omitted). But a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Moreover, fraud claims (such as the fraud-based unfair trade practices claim here) must meet more stringent standards. *See* Fed. R. Civ. P. 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

mistake." *Id*. Thus, a complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus*., 203 F.3d 1202, 1236 (10th Cir. 2000) (citation omitted).

Finally, a court may consider materials subject to judicial notice without converting a motion to dismiss into a motion for summary judgment. *See Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020). Under Federal Rule of Evidence 201, judicial notice is permitted of a fact which is a matter of public record even if it is not incorporated into the pleadings if it is not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Gallegos v. Bd. of Cty. Comm'rs*, 278 F. Supp. 3d 1245, 1259 (D.N.M. 2017) (citation omitted); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

## Discussion

***Motion for Judicial Notice*** (Doc. 29).

The four documents encompassed in Google's request for judicial notice include:

1. The GSFE Privacy Notice;[1]

2. The GSFE Agreement;[2]

---

[1] *See* https://gsuite.google.com/terms/education_privacy.html. Doc. 28-2.
[2] *See* https://gsuite.google.com/intl/en/terms/education_terms.html. Doc. 28-3.

4

3. The Notice Template for Schools When Gathering Parent or Guardian Consent ("Notice template")[3]; and

4. The GSFE Privacy and Security FAQs.[4]

Google asks only that the Court take notice of the fact that these documents exist on Google's website along with their publicly available content, including the contractual language in the GSFE Agreement to which schools commit.  Google argues these documents fall within the general rule for taking judicial notice of factual information found on a party's website which bears on the allegations in the State's complaint.  The State opposes this motion arguing it is inappropriate[5] because the documents are not "public records" simply because they exist on a company website, and notice may not properly be taken of facts to conclude that the GSFE Agreement is a valid binding contract governing Google's relationship with schools.

As to the State's argument against judicial notice of the existence of the documents and their publicly available content, the Court agrees with Google that these limited facts are not subject to dispute and are proper for judicial notice.  Google gave the complete address for each document on its website and these pages are still found at those addresses.  All documents relate directly to GSFE which is the subject of the State's complaint.  As noted by the Tenth Circuit, "[i]t is not uncommon for courts to take

---

[3] *See* https://support.google.com/a/answer/7391849. Doc. 28-4.
[4] *See* https://edu.google.com/why-google/privacy-security/?modal_active=none. Doc. 28-5.
[5] The State also argues the motion should be denied as unnecessary.  This argument and the referenced Seventh Circuit case are unpersuasive. While Google could have requested judicial notice in its brief on the motion to dismiss, the fact a separate motion was filed provides no basis for denial on the merits.

judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (taking judicial notice of earnings information on Northrop Grumman's website).

Indeed, the State's complaint incorporates by reference several of Google's other webpages, including one from Google's webpage specific to GSFE:

- Age Requirements on Google Accounts, Google FAQs, https://support.google.com/accounts/answer/1350409?hleen;

- All types of Chromebooks for all types of learners, Google, https://blog.google/outreachinitiatives/education/all-types-chromebooks-all-types-learners/; (This URL address does not appear to be functional as of September 25, 2020).

- Privacy and Security, Google LLC, http://services.google.com/th/files/misc/gsuite _for_ education _privacy_ security.pdf; (This URL address does not appear to be functional as of September 25, 2020).

- Google Chrome Help, Google LLC, https://support.google.com/chrome/answer/165139?co=GENIE.Platform%3DDesktop&hl=en.

Doc. 1, nn. 5, 6, 9 (noting last visited date for each page as February 20, 2020). The complaint alleges GSFE is a "web-based" service. The State does not explain why the Court should not consider the GSFE Agreement page (and the other Google webpages for which Google requests judicial notice) as part and parcel of the web-based GSFE service

6

that is central to the complaint.  Indeed, the State relies on one of its above webpage cites to support its allegation that "[o]ver 80 million educators and students now use [GSFE] and more than 25 million use Chromebooks in schools, including within New Mexico," Doc. 1, ¶ 23.  The Court can consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity," without converting to summary judgment.  *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1191 (D.N.M. 2013) (citing *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).  Although the State notes the GSFE Agreement does not establish whether it was on Google's webpage for the entire time period at issue without modification, the State does not dispute the authenticity of the webpage.

Consequently, the Court can take judicial notice of the existence of the online GSFE Agreement and its content without reaching any legal conclusion concerning the rights and obligations of Google and any particular customer thereunder.  Based on the allegations in the State's complaint, the Court can read the publicly available online content to conclude that many customers, including those in New Mexico, access and use GSFE services subject to the GSFE Agreement. Doc. 28-3 ("This Agreement governs Customer's access to and use of the Services as ordered in the applicable Order Form and will be effective as of the Effective Date").

***Motion to Dismiss the COPPA Claim***.

Congress enacted COPPA "to prohibit unfair or deceptive acts or practices in connection with the collection, use, or disclosure of personally identifiable information from and about children on the Internet." 64 Fed. Reg. 59888 (citing 15 U.S.C. §§ 6501-

6505).  Section 6502(b)(1) of COPPA directs the Federal Trade Commission (FTC) to adopt regulations to implement the Act's general privacy protections to prevent unfair or deceptive online information collection from or about children.

The State alleges Google is an operator who developed GSFE for use by children under the age of 13, and who collects, maintains and/or uses children's personal information.[6]  Doc. 1, ¶¶ 63-65.  As such, Google is required by COPPA "to provide notice and obtain verifiable parental consent prior to collecting, using, or disclosing personal information from children. Such notice must be clearly and understandably written, complete, and must contain no unrelated, confusing, or contradictory materials." *Id*. at ¶ 66 (citing 16 C.F.R. 312.4(a)).  The State alleges Google has failed to "give direct notice to parents, stating the types of personal information it seeks to collect from the child." *Id*. at ¶ 67.  The State also alleges any notice Google provides "is not intended for the child's parent and contains terms that no child under the age of 13 would comprehend or would have the capacity to accept." *Id*. at ¶ 68.  Further, the State alleges "Google failed to obtain parental consent authorizing it to collect and use minors' personal and sensitive information." *Id*. at ¶ 69.

Google moves to dismiss the State's COPPA violation claim arguing its challenged practices comply with authoritative federal guidance.  Google emphasizes the COPPA Rule adopted by the FTC requires covered operators such as Google to obtain "verifiable" parental consent and defines "[o]btaining verifiable consent" to mean

---

[6] Such personal information is alleged to include children's browsing histories, their contact lists, and their audio notes and memos, which is attributed to the child's Google accounts through a unique email address.  Doc. 1, ¶ 65.

"*making any* reasonable *effort*" to provide notice and obtain consent. 16 C.F.R. § 312.2 (emphasis added); *see also id.* § 312.5 ("Any method to obtain verifiable parental consent must be reasonably calculated, in light of available technology, to ensure that the person providing consent is the child's parent.")

The notice regulation requires prominent posting of the notice on the operator's website and to parents of "what information is collected from children by the operator, how the operator uses such information, and the operator's disclosure practices regarding such information." 16 CFR § 312.4(a).  Again, Google emphasizes the requirement for notice to parents incorporates the concept of "reasonable efforts" and the regulation details the content of the notice.  16 CFR § 312.4(b)-(c).  While the notice must be clearly and understandably written, complete and contain no unrelated confusing or contradictory materials, there is no requirement that the notice be written in terms understandable by a child under the age of 13.

The FTC's definition of "obtaining verifiable parental consent" is substantially similar to the definition contain in COPPA which, as noted above, brings in the concept of "making any reasonable effort." 64 Fed. Reg. 59893. As an additional explanation of the notice-and-consent requirement in the educational setting, the FTC notes –

> [T]he Rule does not preclude schools from acting as intermediaries between operators and parents in the notice and consent process, or from serving as the parents' agent in the process.  For example, many schools already seek parental consent for in-school Internet access at the beginning of the school year.  Thus, where an operator is authorized by a school to collect personal information from children, after providing notice to the school of the operator's collection, use, and disclosure practices, the operator can presume that the school's authorization is based on the school's [sic] having obtained the parent's consent.

9

64 Fed. Reg. 59903.

Additionally, the FTC more recently published guidance in the form of a compliance guide. Doc. 28-7. This guide reaffirms that "schools may act as the parent's agent and can consent to the collection of kids' information on the parent's behalf." *Id*. at p. 3.

Google argues it is complying with COPPA consistent with this FTC guidance by using schools as intermediaries or the parent's agent in the notice-and-consent process. Thus, according to Google, schools who have ordered their GSFE services have received notice of Google's collection, use and disclosure practices, and have authorized Google to collect personal information from children pursuant to the GSFE Agreement. Therefore, Google can lawfully presume that the school's authorization is based on the school having obtained the parent's consent.

To better understand the differentiation between a school as agent, versus as intermediary, one must focus on the services ordered under the GSFE Agreement. As explained by Google with reference to the State's complaint and documents subject to judicial notice:

> Schools who participate in GSFE can assign a GSFE account (*i.e.*, a username and password) to school personnel and students (together "users"). [Doc. 1, ¶ 37]. With these accounts, users can access a suite of services, known as the "**Core Services**," that have been adapted for use within a school or organization, including Gmail (email), Calendar, Contacts, Drive (storage), Docs (word processing), Groups (discussion groups), Sheets (spreadsheets), Slides (presentations), Chrome Sync (device synchronization), Hangouts Meet/Chat (chat and conferencing), Vault (archiving), and Classroom (class-specific discussion groups, assignment distribution, feedback). [*Id.* at ¶ 21; Doc. 28-2 (GSFE Privacy Notice)].

> Google also offers general consumer services, like Google Maps, Blogger and YouTube, that are not part of the Core Services. [Doc. 28-2, p. 2-3]. For K-12 schools, these "**Additional Services**" are off by default and cannot be accessed using GSFE accounts unless a school decides to affirmatively grant access. [*Id.*; Doc. 28-3 (GSFE Agreement), p. 2]. Schools agree to obtain parental consent before allowing users under 18 access to Additional Services. Google provides schools with resources about communicating with parents, including a template to help schools provide notice and obtain consent. [Doc. 28-4 (Notice template)].

Doc. 28, pp. 8-9 (emphasis added).

Google argues when schools contract with Google to use GSFE, they agree to **provide or obtain** the requisite consent for the use of the services. Doc. 28-3, p. 4. With regard to "Core Services," the schools themselves "consent[] as required under [COPPA] to the collection and use of personal information in the Services, described in the [GSFE] Privacy Notice." *Id.* With regard to "Additional Services," the GSFE Agreement language states "Customer will obtain parental consent for the collection and use of personal information in the Additional Products that Customer allows End Users to access before allowing any End Users under the age of 18 to use those services." *Id.* Google argues the State's complaint does not allege that any New Mexico schools breached this duty by failing to obtain parental consent before authorizing access to Additional Services. According to Google, positioning schools as either the agent who consents (for Core Services), or the intermediary who obtains prior parental consent (for Additional Services), is precisely what the FTC guidance authorizes and the State cannot thereby support its alleged violation of COPPA.

The first issue is whether deference is warranted as to FTC's guidance in the educational context. The parties disagree on the standard for deference as well as

whether any deference is proper. The State argues the FTC interpretation of its regulation on notice-and-consent is not subject to *Auer* deference because the regulation merely parrots the statute. Doc. 30, p. 18; *see Auer v. Robbins*, 519 U.S. 452, 457 (1997) ("Because Congress has not 'directly spoken to the precise question at issue,' we must sustain the Secretary's approach so long as it is 'based on a permissible construction of the statute,'" quoting *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-843 (1984)). Rather, the State argues the FTC statements should be considered under *Skidmore* deference. Doc. 30, p. 19; *see Skidmore v. Swift & Co.*, 323 U.S. 134 (1944).[7]

Accepting for purposes of this motion that *Skidmore* is the appropriate standard, for the reasons discussed below this Court extends *Skidmore* deference because the FTC's published guidance has "the power to persuade." The FTC has extended a degree of care in the consideration of COPPA in the educational context, by way of roundtables, responses to comments, and responses to questions clarifying when the school may provide consent as an agent. Additionally, while the State argues for direct notice to and consent by parents, that is not what the law and regulatory framework require. While this might be preferred in a perfect world, the law only requires operators to "make any reasonable effort" to provide notice and obtain consent. In considering what constitutes

---

[7] "We consider that the rulings, interpretations and opinions of the [agency], while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." *Skidmore*, 323 U.S. at 140.

"any reasonable effort," the FTC recognizes that many schools "already seek parental consent for in-school Internet access at the beginning of the school year." Further, other approaches to obtain consent directly from parents suffer from the problem of ensuring consent is obtained from the authorized parent or guardian. Local schools have relationships with parents and guardians, formed through countless conferences, meetings and communications, which no online operator can reasonably replicate. This problem was discussed in a 2010 FTC roundtable:

> The real problem here has always been … you never know if you have got a parent, and not only if you have got a parent, you don't know if you have the custodial parent who has the legal rights over this kid, and the only people who know that, if the kids are in school, are schools. … Unless you work with the schools, you're never going to get the stuff, because nobody else has this information.

Doc. 28-9, p. 7 (Reported FTC "COPPA Rule Review Roundtables," June 2, 2010).

Thus, the Court concludes FTC guidance is persuasive in recognizing a proper notice and consent role for schools given that schools communicate with and obtain consent from parents and guardians they regularly contact for any number of other school-based activities.

The next issue is whether FTC's guidance limits the verified consent requirement to the circumstance "where an operator collects personal information from students for the use and benefit of the school, and for no other commercial purpose." Doc. 30, p. 13 (citing 28-7 at 3,4; 28-8 at 2). This is significant because the State alleges that Google's collection of children's data is devoted principally to impermissible commercial purposes.

As to this issue, Google differentiates between two different consent scenarios – agent and intermediary.  There is no dispute that both terms are used by the FTC in its preamble to the final rule.  The "agent" scenario has been fairly well detailed by the FTC.  For the "agent" scenario, the school consents for the parent, but can do so only if (1) the operator provides the school with full notice of its collection, use and disclosure practices, and (2) the personal information collected is for the use and benefit of the school and no other commercial purposes. Doc. 28-7, pp. 3-4. As explained above, the Court defers to this federal guidance for COPPA "notice-and-consent" compliance where the personal information collected is not for commercial purposes.

In terms of deference to the FTC's preamble statement that schools may act "as intermediaries between operators and parents in the notice and consent process," (64 Fed. Reg. 59903), this is a closer call.  The FTC has no comparable guide such as the one discussing schools as agents.  But then again, Google is correct in arguing that simply because the FTC has provided a further explanation for the scenario of schools as agents, that does not necessarily mean the FTC prohibits operators from contracting with schools as intermediaries in providing notice to, and obtaining consent from parents for services which result in collecting information from students for commercial purposes.  Finally, Google argues the FTC guidance allows operators to rely on third-party intermediaries to obtain consent. *See* 2020 COPPA FAQs ("Can I use a third party, such as one of the app stores, to get parental consent on my behalf? Yes").[8] According to Google, if it would be

---

[8]*See*, https://www.ftc.gov/tips-advice/business-center/guidance/complying-coppa-frequently-asked-questions-0#A.%20General%20Questions

reasonable for it to hire an intermediary such as a call center or an app store, a local school serving children and their parents should be recognized as a legitimate intermediary.

Google's argument for deference to the FTC's recognition of schools as intermediaries is persuasive. The State argues the FTC guide clearly states that if an operator intends to use or disclose children's personal information for its own commercial purposes in addition to the provision of services to the school, it will need to obtain parental consent. (Doc. 28-1, p. 4). That is undisputed; however, it is equally undisputed that the FTC expressly recognizes intermediaries in functioning to obtain parental consent on behalf of operators such as Google. Ultimately, the law only requires "any reasonable effort" in providing notice to and obtaining consent from parents and, given that schools can provide notice in the scenario when personal information is collected for the use and benefit of the school, it seems persuasive that schools can obtain consent as an intermediary for the scenario when information is also collected by the operator for other commercial purpose. Therefore, for the reasons argued by Google, the Court agrees and defers to the FTC in its published guidance recognizing both legitimate roles (agent and intermediary) for schools in the notice-and-consent process.

Next, the State argues that Google's motion requires resolving multiple, complex questions of fact in its favor, including: (1) whether Google provided New Mexico schools with full notice of its practices as to the depth and breadth of its data collection practices and (2) whether Google, in turn, has actually been authorized by the schools to collect personal information from children. According to the State, for the Court to

answer those questions in Google's favor, Google points not to the State's Complaint, but to a contrary narrative supported—if at all—by improper extrinsic evidence.

As to the argument that the documents on Google's website constitute improper extrinsic evidence, this argument is rejected for the reasons discussed in the analysis on judicial notice. Further, the Court agrees with Google that the State's complaint does not allege that Google fails to provide notice to schools, or that Google fails to obtain consent from schools, or that schools fail to obtain consent from parents where required when schools select the Additional Services which result in the collection of data for commercial purposes.

In focusing on the COPPA allegations in the complaint without the contentions rejected by the Court (i.e., that Google fails to provide direct notice to and obtain verifiable consent directly from parents), the State alleges as violations of COPPA: (1) Google does not provide adequate notice to the parents about its data collection practices (Doc. 1, ¶ 50) and (2) the notice provided contains terms that no child under the age of 13 would comprehend. First, as to the allegation of inadequate notice, this one phrase is conclusory and fails to satisfy the *Iqbal/Twombly* requirement to allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Second, COPPA contains no requirement that notice be drafted for the understanding of children under 13.

As to the State's argument that there are no facts supporting the claim that Google has been authorized by schools to collect personal information, the Court would first note that the State has not alleged otherwise in its complaint. Consequently, there is no

"contrary narrative" alleged by the State.  Further, as discussed by the Court in resolving Google's motion for judicial notice, the State's allegations combined with Google's publicly available online content supports the conclusion that many schools access and use the GSFE services ordered by the school, and thus the school's access and use is governed by the GSFE Agreement. Doc. 28-3.  It is this agreement which authorizes Google's data collection practices.  Therefore, for all these reasons, the Court concludes there is no "contrary narrative" contradicting the well-pled allegations in the State's complaint or supported by improper extrinsic evidence.

### *State Law Claims.*

Having dismissed the State's federal claim, the Court must now decide what to do with the State's remaining UPA and common law claims.  This is a court of limited jurisdiction, meaning it is authorized to hear only certain types of claims.  Generally, state law claims are among those the court cannot decide, unless certain conditions are met.  The condition that allowed the state claims to initially go forward in this case was that they related to the federal law claim, over which this court does have jurisdiction, 28 U.S.C. § 1367(a).

Under 28 U.S.C. § 1367(c)(3), the Court has discretion to continue to hear associated state claims, notwithstanding dismissal of the federal claims, but this is disfavored.  *See King v. Fleming*, 899 F.3d 1140, 1154 (10th Cir. 2018).  Indeed, the Tenth Circuit has made clear that after dismissing federal claims, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Id*. (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.

1998)). Given this guidance from the Tenth Circuit and New Mexico's interest in the remaining legal issues arising under its state and common law, the Court declines to exercise supplemental jurisdiction over the State's remaining claims.

## Conclusion

For all the above-stated reasons, the Court concludes the State's complaint fails to state a claim for relief that Google violated COPPA in relying on schools to serve as the parent's agent and/or to act as intermediaries between Google and parents in the notice and consent process. The State's remaining allegations of inadequate notice and lack of authorization also fail to state a claim. Accordingly, Google's motion to dismiss is GRANTED. Google's motion to take judicial notice is also GRANTED. However, the State may amend its Complaint if it has a basis to allege sufficient factual matter, accepted as true, to state a COPPA claim for relief that is plausible on its face. Absent an amended complaint sufficiently stating a claim over which this Court has original jurisdiction, the COPPA claim is dismissed with prejudice and the state law claims are dismissed without prejudice. Any amended complaint shall be filed no later than October 13, 2020, otherwise the clerk shall be directed to close this case.

Dated this 25th day of September, 2020.

_Nancy D Freudenthal_
_____
NANCY D. FREUDENTHAL
UNITED STATES DISTRICT JUDGE